```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

PATRICK HIGGINS                                           PLAINTIFF

v.                                      CAUSE NO. 5:16-cv-26-DCB-JCG

GARY L. HONEA, DAVID MARTIN, AND                         DEFENDANTS
MARTHA SUE MARTIN A/K/A SUE MARTIN

## OPINION AND ORDER

This cause is before the Court on defendant Gary L. Honea ("Honea")'s Motion to Dismiss **(docket entry 14)** and defendants David Martin and Sue Martin ("the Martins")'s Answer, Defenses, and Motion to Dismiss **(docket entry 13)**. Having considered the motions and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

### I. Facts and Procedural History

This case arises out of a judgment debtor's alleged attempt at escaping an unsatisfied judgment. In January 2000, this Court awarded Patrick Higgins ("Higgins") a default judgment ("the Judgment") against Sue Martin in the amount of $175,575.00. Compl. ¶¶ 5-13. Higgins enrolled the Judgment in the judgment rolls of Pike County, Mississippi on November 3, 2000. Id. at ¶ 15. It appears that the judgment was neither satisfied, nor re-enrolled after its initial enrollment in 2000.

On December 14, 2015, a warranty deed ("the Deed") conveying two acres from "David Martin and Sue Martin" to "David Martin" was

1

filed in the land records of the Chancery Clerk of Pike County. Id. at Ex.1.  Honea, a Mississippi licensed attorney, drafted the Deed. Compl. ¶ 16.

On March 29, 2016, Higgins filed his pro se Complaint with this Court against Honea and the Martins, alleging that all three defendants conspired to transfer the property from Sue Martin in order to hide assets and escape the Judgment. Id. at ¶ 20.  Higgins further alleges that Honea purposefully failed to conduct a title search prior to drafting the Deed, and that, as an attorney, his obligation was to counsel the Martins against disposing of their property.  Id. at ¶¶ 20, 21.

Defendants now move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

## II. The Martins' Rule 12(b)(5) Motion

The Martins filed their Answer, Defenses, and Motion to Dismiss pro se, contending that Higgins failed to timely serve the defendants in accordance with Rule 4.  The Martins submit that service was insufficient because they were not served within ninety days after the filing of the Complaint, which occurred on March 29, 2016.  In response, Higgins argues that the Complaint was not officially filed with the Court until his Motion to Proceed In Forma Pauperis was granted on April 21, 2016; thus, service on July 6, 2016 was timely.  Neither Higgins nor the Martins have provided this Court with any legal authority in support of their arguments

2

as required by the Local Rules. See L.U. Civ. R. 7(b)(4)(2016). Nevertheless, the Court finds that based on the record before it, service upon the defendants was timely.

Rule 4 requires a plaintiff to serve defendants with a copy of the summons and complaint within ninety days of filing suit. Fed. R. Civ. P. 4(m). The time limit for service under the Rule is tolled while a motion to proceed in forma pauperis is pending before the court. Ellis v. Principi, 223 F.R.D. 446, 448 (S.D. Miss. 2004). Higgins filed his initial Complaint and Motion to Proceed In Forma Pauperis on March 29, 2016. The Court denied Higgins's motion without prejudice on April 4, 2016. On April 18, 2016, Higgins re-filed his in forma pauperis motion, and the Court granted that motion on April 21, 2016. The Martins were served with process on July 6, 2016. Because the time limit for service was tolled while the Court considered Higgins's in forma pauperis motions, the Court finds that service of process was timely under the Rules and declines to dismiss on the basis of Rule 12(b)(5).

### III. Rule 12(b)(6) Motions

*A. Standard of Review*

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the district court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litig., 495 F.3d 191, 204 (5th Cir. 2007). To survive a defendant's Rule 12(b)(6) motion, the plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Despite the relaxed pleading standard under the Federal Rules, the Court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." Arias-Benn v. State Farm Fire & Cas. Ins. Co., 495 F.3d 228, 230 (5th Cir. 2007). Plaintiff's factual allegations "must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555.

### B. Discussion

In their Answer, Defenses, and Motion to Dismiss, the Martins summarily assert that Higgins's Complaint should be dismissed for failure to state a claim. Honea also moves for dismissal pursuant to Rule 12(b)(6) in a separate motion. Although the Martins have failed to provide any memorandum in support of their motion, the Court finds that the arguments advanced by Honea are instructive as to Plaintiff's claims against all defendants.

In his motion, Honea maintains that dismissal is proper because Higgins is unable to prove damages, which is an essential element to any claim for civil conspiracy. Honea argues that because Higgins failed to re-enroll the underlying Judgment after the year 2000, the Judgment and lien expired years before the Deed was filed. Alternatively, Defendant posits that if the Judgment

lien is still enforceable, Higgins's right to levy remains unimpaired.

Higgins failed to respond to Honea's motion as required by the Local Rules of this Court, and his Response to the Martins' motion is void of any discussion as to Rule 12(b)(6). See L.U. Civ. R. 7(b)(4)(2016) ("Counsel for respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response."). Although the Court will extend leniency to plaintiffs bringing suit pro se, "we do expect litigants to meet court deadlines and observe the rules of civil procedure." Jones v. FJC Sec. Services, Inc., 612 Fed. App'x 201, 203 (5th Cir. 2015); see Lee v. State Atty. Gen, 2006 WL 1674305, *1 (S.D. Miss. 2006)(granting defendant's motion to dismiss where pro se plaintiff completely failed to respond to the pleadings).

Notwithstanding Plaintiff's failure to respond, however, the Court finds that dismissal is warranted on the merits. Under Mississippi law, a conspiracy is "a combination of persons for the purpose of accomplishing an unlawful purpose unlawfully." Gallagher Bassett Services, Inc. v. Jeffcoat, 887 So.2d 777, 786 (Miss. 2004)(quoting Levens v. Campbell, 733 So.2d 753, 761 (Miss. 1999)). To succeed on a claim of civil conspiracy, plaintiffs must show: "(1) the existence of a conspiracy; (2) an overt act in furtherance of that conspiracy; and (3) damages arising therefrom." Wells v.

5

Shelter General Ins. Co., 217 F.Supp.2d 744, 753 (S.D. Miss. 2002). Considering Higgins's allegations in light of these elements, the Court finds that the Complaint fails to state a plausible claim for relief.

The facts and dates alleged in Plaintiff's Complaint suggest that the Judgment against Ms. Martin expired years before the Deed was executed. A private civil judgment expires in accordance with the time limits set by the state in which the district court is situated. Andrews v. Roadway Exp. Inc., 473 F.3d 565, 568 (5th Cir. 2006); Fed. R. Civ. P. 69(a)(1). In Mississippi, judgment liens rendered in courts of the state expire seven years from the date of rendition or renewal, while foreign judgments expire after three years. See Miss. Code Ann. §§ 15-1-43, 15-1-45, 15-1-47.

Honea argues that the Judgment is "foreign" for purposes of Mississippi law because it was rendered in federal court; but whether the Judgment is subject to an expiration date of three or seven years is of no moment. The Deed was filed approximately fifteen years after Higgins enrolled his Judgment in Pike County, which is well beyond the time set by both statutory limitations periods. From the Complaint, there is no indication that Higgins attempted to renew the Judgment after its initial enrollment. If Higgins took no further steps to enforce or preserve his Judgment after the year 2000, then the Judgment lien, and Higgins rights associated therewith, expired long before the alleged conspiracy occurred.

Regardless of whether the Judgment lien expired prior to the Deed's execution, however, Mississippi Code Section 11-7-191 provides in relevant part:

> A judgment [properly] enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, his representatives or assigns, against the judgment debtor <u>and all persons claiming the property under him after the rendition of the judgment</u>.

Miss. Code Ann. § 11-7-191 (emphasis added). The Mississippi Supreme Court has further determined that "one who purchases property on which there is an enrolled judgment lien holds it subject to the right of the judgment creditor to have it seized under a writ of execution for the satisfaction of the judgment." <u>Motors Securities Co. v. B.M. Stevens Co.</u>, 83 So.2d 177, 179 (Miss. 1955). Assuming Higgins had a viable judgment lien upon the Martin property prior to the execution of the Deed, the lien continues to exist after the conveyance. Because transfer of ownership does not extinguish a properly enrolled judgment lien, Higgins cannot prove that his rights, if any, have been impaired by Defendants' alleged conduct.

Accepting all allegations in the Complaint as true, the Court finds that Higgins has failed to state any plausible claim for relief. Thus, all claims are dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Honea's Motion to Dismiss

7

[docket entry 14] is **GRANTED.**

**IT IS HEREBY ORDERED** that the Martins' Motion to Dismiss [docket entry 13] is **GRANTED**.

A Final Judgment dismissing this cause with prejudice shall be entered of even date herewith.

**SO ORDERED**, this the 15th day of November, 2016.

                                              /s/ David Bramlette  
                                              UNITED STATES DISTRICT JUDGE